JUSTICE NELSON
concurring.
¶16 I concur in the result of our order. Furthermore, based on the present state of the law and the language of § 3-l-804(10)(c), MCA, I agree that the Court's order is legally correct.
¶17 That said, I believe that we should amend the rule to provide a "bright line" for summary disqualification of judges in criminal cases. In the first place, the interpretation we have articulated — though correct-is complicated in its application and will likely be a trap for unwary defendants and criminal defense attorneys. Additionally, while there is no "service" of the information as in the civil context, nevertheless in that context, there is a return of service which leaves no question as to when and by whom the summons and complaint was *172 served. There is no similar record document in criminal cases leaving the fact, time and method of service amenable to dispute. Also, persons accused of crimes sitting in jail and awaiting the appointment of counsel probably do not know that they have the right to substitute a judge-even assuming they had access to the paper, copier, computer, etc. to prepare and file such a motion. Finally, the 10 days allowed for substitution is extremely short and may be eaten up by delay in the public defender actually seeing his or her client and determining the client's wishes.
¶18 Criminal defendants should have no less right to substitute a judge than do civil litigants, and the present process puts the accused at a serious disability. For these reasons I would amend the rule to provide a bright line for determining when the accused’s time to file a summary disqualification motion starts to run.